Defendant-appellant Steven C. Gillman appeals the Bond Forfeiture Order and the Probation Violation Journal Entry entered by the Court of Common Pleas of Richland County. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE AND FACTS
On June 3, 1996, appellant was sentenced in two separate cases: 95CR647(B), in which appellant had pled guilty to seven counts of breaking and entering, and one count of possession of criminal tools; and 96CR250, in which appellant had pled guilty to one count of theft. After serving one and one-half years in prison, the balance of appellant's original sentences were suspended on June 20, 1997, and appellant was placed on five years probation.
On August 18, 1998, appellant was arrested by his probation officer for suspected probation violations. Appellant was held without bail at the Southern Ohio Regional Jail in Nelsonville, Ohio. On September 23, 1998, appellant was transported to Richland County and arraigned on the probation violation charge on September 25, 1998
At the arraignment, the trial court set a $100,000 cash or surety bond. Appellant posted bond through a surety. Via written notice served on appellant and filed September 28, 1998, the trial court scheduled a final hearing date for October 16, 1998.
Subsequent to his September 25, 1998 arraignment but prior to October 7, 1998, the Richland County Probation Department alleged appellant committed additional probation violations. As a result, a new warrant was issued for appellant's arrest. Appellant was arrested in Vinton County, Ohio, on October 6, 1998. A Crim. R. 4 hearing was held on October 7, 1998, in the Vinton County Court of Common Pleas. At that hearing, the Vinton County Court of Common Pleas set a $50,000 cash or surety bond, which included a 10% feature allowing appellant to post $5,000 to secure his appearance. Appellant posted the bond. At the hearing, the trial court instructed appellant to appear at his hearing in Richland County previously scheduled for October 16, 1998.
On October 14, 1998, the Richland County Court of Common Pleas issued an order forfeiting appellant's bond because appellant failed to appear for his arraignment on the additional probation violations on October 8, 1998.
Appellant appeared on October 16, 1998, for the scheduled probation violation hearing in the Richland County Court of Common Pleas. The hearing was continued by the trial court until October 23, 1998. Appellant was taken into custody and remained incarcerated pending the hearing.
On October 23, 1998, appellant admitted to the probation violations. Via Probation Violation Journal Entry filed October 26, 1998, the trial court imposed nine years of appellant's previously suspended sentence. That entry does not reflect any credit for jail time served pending the hearing.
The trial court ordered the record herein supplemented with the affidavit of Sergeant Edward E. Welsh, the Richland County Sheriff's Department Court Liaison Supervisor. In his affidavit, Sergeant Welsh averred his duties include computation of jail time credit by arrangement with the court. Sergeant Welsh enters the number of jail days credit on a copy of the sentencing judgment entry which is forwarded to the Ohio Department of Corrections. Sergeant Welsh further averred he entered a total of fifty-eight jail days credit on copies of the trial court's previously filed Probation Violation Journal Entry and submitted them to the Ohio Department of Correction.
It is from the October 14, 1998 Bond Forfeiture Order and the October 26, 1998 Probation Violation Journal Entry appellant prosecutes this appeal, assigning as error:
 I. THE TRIAL COURT ERRED IN FORFEITING DEFENDANT'S BOND ON OCTOBER 14, 1998, WHEN HE APPEARED AS ORDERED ON OCTOBER 16, 1998.
 II. THE TRIAL COURT ERRED IN FAILING TO CALCULATE THE AMOUNT OF TIME DEFENDANT WAS INCARCERATED PENDING HIS PROBATION REVOCATION.
 I
Appellant submits only one notice was filed in the record relative to the first probation violation charge. This notice required appellant to appear on October 16, 1998. Appellant further references the transcript of his Crim. R. 4 hearing in the Vinton County Court of Common Pleas, wherein the trial court conditioned his bond upon his appearance in the Richland County Court of Common Pleas on October 16, 1998. Notice of appellant's arraignment on the second probation violation charges, to be held on October 8, 1998, was not served upon appellant until his appearance on October 16, 1998.
The only reference in the record of any notice to appellant to appear on October 8, 1998, is by the Richland County Court of Common Pleas. The trial court noted sometime after appellant's appearance in the Vinton County Court of Common Pleas on October 7, 1998, a probation officer told appellant to appear in Richland County Court of Common Pleas on October 8, 1998, but appellant failed to appear. See, Transcript of October 23, 1998 Probation Revocation Hearing, at 11. Because appellant was not served with the notice to appear for the October 8, 1998 arraignment until October 16, 1998, appellant contends the trial court's order forfeiting bond was "fundamentally unfair and contrary to law." Appellant's Brief at 7. We agree.
In the absence of service of notice to appear being filed in the record anytime prior to October 16, 1998, and in light of the appellant's appearance on that date in compliance with both the Richland County and Vinton County Courts of Common Pleas prior orders, we find the trial court erred in forfeiting appellant's bond, despite the trial court's reference to a conversation between appellant and his probation officer that appellant appear on October 8, 1998.
Appellant's first assignment of error is sustained.
 II
Herein, appellant argues the trial court erred in its October 26, 1998 Probation Violation Journal Entry for not calculating and crediting appellant with a total of fifty-six days jail credit. Appellee counters the Ohio Department of Corrections has been provided with copies of the Probation Violation Journal Entry showing a total of fifty-eight days jail credit as entered by Sergeant Welsh.[1] Although we do not condone the practice of allowing anyone to change, in any manner, a judgment entry once it has been signed by the judge and filed for record, we nevertheless agree with appellee this issue is now moot.
Appellant's second assignment of error is overruled.
The Bond Forfeiture Order issued by the Richland County Court of Common Pleas is reversed and the Probation Violation Journal Entry issued by that same court is affirmed.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the Richland County Court of Common Pleas Bond Forfeiture Order is reversed and its Probation Violation Journal Entry is affirmed. Costs assessed to appellee.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] The copies of the Probation Violation Journal Entry on which Sergeant Welsh entered the number of jail days to be credited were never separately approved by the trial court nor filed for the record with the clerk prior to appellant's filing his notice of appeal.